(No. 81-CC-2747-)

FORREST R. CHANEY and DAVID A. IMBER, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 4, 1982.*

*Opinion filed May 31, 1983.*

HECKENKAMP & SIMHAUSER (ROBERT G. HECKENKAMP, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ORDER

POCH, J.

This cause having come before this Court on the joint stipulation of the Claimant Forrest R. Chaney, by his counsel, Robert G. Heckenkamp, and the Respondent, the State of Illinois, by the office of the Attorney General and the Court being fully advised in the premises finds that the parties in their stipulation agreed that the Claimant, Forrest R. Chaney would have earned $123,916.90 had he been continually employed by the Department of Law Enforcement and that during the period of his wrongful discharge that he mitigated his loss by outside employment which earned him $82,007.41. The Claimant, in the joint stipulation, agrees to accept

the difference of $41,909.49 in complete settlement of his claim and the Respondent agrees that he would have no objections to the granting by this Court of an award in that amount. The Respondent also agrees in their joint stipulation that the employment record of the Claimant satisfies the requirements that the Claimant did everything in his power to mitigate his losses during the period of his discharge from the State of Illinois. This Court agrees with the conclusion of the office of the Attorney General that the Claimant has satisfied the requirements of the Court for the mitigation of his loss, and concurs in the appropriateness of the joint stipulation.

It is therefore ordered by this Court that Forrest R. Chaney be granted an award in the amount of $41,909.49, plus employer contributions to the State Employees' Retirement System and/or FICA and minus deductions for appropriate employee payments for State Employees' Retirement System and/or FICA, and for Federal and State income taxes as shown in Appendix 1 attached hereto and made a part hereof.

## APPENDIX A

### Identification of State Contributions and Deductions from Back Salary Award

To the State Employee's Retirement System:

| | |
|---|---|
| Employee's contribution to State Employee's Retirement System | 11322.10 |
| Employee's contribution to FICA | 243.10 |
| State's contribution to State Employee's Retirement System | 9062.53 |
| State's contribution to FICA | 243.10 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---|
| Claimant's Federal Income Tax | 8381.89 |

| To Illinois Department: | |
|---|---|
| Claimant's Illinois Income Tax | 1047.73 |
| To the Claimant: | |
| Net Salary | 20914.76 |

## OPINION

ROE, C. J.

This claim is for back wages by a wrongfully discharged employee of the State of Illinois. This opinion pertains to the second count of the complaint filed herein, *i.e.* the claim by David A. Imber. The first count consisted of a claim by Forrest R. Chaney which has previously been decided by an order filed herein on January 4, 1982.

Prior to May 14, 1975, the Claimant, Mr. Imber, was employed by the Department of Law Enforcement of the State of Illinois as an officer in the Department's Illinois Bureau of Investigation. On May 14, 1975, the Claimant was discharged from said employment by the superintendent of the I.B.I. He appealed his discharge. The Civil Service Commission affirmed it. Thereafter the circuit court of Sangamon County, on administrative review, reversed the decision of the Civil Service Commission and ordered the Claimant reinstated with full back pay and restoration of benefits. The judgment of the circuit court was affirmed on appeal by the appellate court for the Fourth District of Illinois in *Chaney v. Department of Law Enforcement* (1979), 74 Ill.App.3d 424, and by the Illinois Supreme Court in *Chaney v. Civil Service Commission* (1980), 82 Ill.2d 289. The judgment is now final.

The Claimant was reinstated on January 5, 1981, and has received his pay for that fiscal year, including back pay, less set-off, from the beginning of that fiscal year.

The Claimant has brought this action in this Court to recover that portion of his back pay due him that, but for the lapsing of the appropriations from which he could have been paid, would have been paid. The issue in such an instance involves the extent of the Claimant's good faith efforts to mitigate his losses by seeking other employment during the period of his wrongful discharge. A hearing was held on this issue on August 2, 1982, before a commissioner of this Court at the Springfield office of the Court of Claims.

According to the testimony heard at said hearing and the group exhibits presented, it appears that the Claimant has substantiated evidence of at least 33 jobs applied for during the period in question and further testimony indicated that this only represented a small portion of the jobs the Claimant actually applied for but for which no records were kept. The Claimant, having met with no success with respect to those applications, commenced working as a common laborer, at first on a very limited on call basis and then began working steadily in 1978 until November 30, 1979, at which time he was injured on the job and unable to work for more than six months. All during this time he was involved in the litigation contesting his wrongful discharge. After reviewing the record we find that the evidence is overwhelming that he did everything reasonably possible to mitigate his losses and certainly expended much time both in searching for employment, working when able and preparing for and attending hearings.

Following the conclusion of the hearing, the parties entered into stipulation that (while not being a concession on the part of the Respondent on the issue of whether or not Claimant did everything within his power to mitigate his losses) should the Court of Claims determine that the Claimant did everything in his power to mitigate his

losses, the amount of the award in favor of the Claimant should be $82,369.94. This was based upon the stipulation that the Claimant would have earned with the Department of Law Enforcement, had he not been wrongfully discharged, the amount of $115,949.30, and that his mitigation through actual earnings was $33,579.30, including credit for weekly workmen's compensation benefits received as a result of the job-related injury.

We do find that Claimant did all in his power to mitigate his losses and concur with the stipulation. Accordingly, it is hereby ordered that Claimant be, and hereby is, awarded the sum of $82,369.94.

## APPENDIX A

### Identification of State Contributions and Deductions from Back Salary Award

To the State Employee's Retirement System:

| | |
|---|---:|
| Employee's contribution to State Employee's Retirement System | 7,408.39 |
| Employee's contribution to FICA | 443.27 |
| State's contribution to State Employee's Retirement System | 5,848.27 |
| State's contribution to FICA | 443.27 |

To Illinois State Treasurer to be remitted to Internal Revenue Service:

| | |
|---|---:|
| Claimant's Federal Income Tax | 16,473.99 |

To Illinois Department:

| | |
|---|---:|
| Claimant's Illinois Income Tax | 2,059.25 |

To the Claimant:

| | |
|---|---:|
| Net Salary | 55,985.04 |

TOTAL AWARD $88,661.48